SUMMARY ORDER

Petitioner Mei Ying Hu, a native and citizen of the People’s Republic of China, seeks review of a January 18, 2008 order of the BIA denying her motion to reopen. In re Mei Ying Hu, No. A078 299 049 (B.I.A. Jan. 18, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Hu’s untimely and number-barred motion to reopen.
Hu argues that the BIA abused its discretion in finding that she failed to demonstrate material changed country conditions or her prima facie eligibility for relief where it failed to adequately consider the evidence that she submitted in support of her motion. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. See id. (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Moreover, the BIA did not abuse its discretion by failing to specifically mention each of the documents that Hu submitted in support of her motion to reopen where those documents failed to demonstrate changed country conditions or a reasonable possibility that she would be forcibly sterilized upon her return to China. See Jian Hui Shao, 546 F.3d at 169 (internal quotation marks omitted) (recognizing that the Court has rejected the notion that the agency must “expressly *66 parse or refute on the record each individual argument or piece of evidence offered by the petitioner”).
Hu has waived any challenge to the BIA’s decision insofar as it found her ineligible to file a successive asylum application based on her changed personal circumstances and insofar as it declined to reopen her proceedings sua sponte. See Yueqing Zhang v. Gonzales, 426 F.3d 640, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).